UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QIAN CHEN,

               Plaintiff,

    v.

MARIA ELAINE CANTWELL,

               Defendant.

CASE NO. 2:19-cv-01389-RAJ

**ORDER DENYING IFP APPLICATION AND DISMISSAL WITHOUT PREJUDICE**

       Plaintiff Qian Chen, appearing *pro se*, filed an application to proceed *in forma pauperis* (IFP) and a proposed civil complaint. Dkt. 1. Maria Elaine Cantwell is named as a defendant in the captions, but otherwise the IFP application and complaint are blank. The docket reflects Plaintiff telephoned the Clerk of Court to advise that he is visually impaired, he does not receive written mail, and he does not intend to file any additional documents in this case.

       On September 5, 2019, Magistrate Judge Michelle L. Peterson denied Plaintiff's IFP application with leave to amend within thirty days. Dkt. 3. On September 6, 2019, Plaintiff filed a motion requesting all communication and documents be submitted to him via telephone. Dkt. 4. Plaintiff did not amend his IFP application and has not filed any other pleadings to date.

       On August 30, 2019, the same day he filed the IFP application and complaint in this case, Plaintiff filed similarly blank IFP applications and complaints in six other cases. *See* Case No. 2:19-1386 RAJ-BAT; *Chen v. Human Rights Commission*; 2:19-cv-01387-RAJ-MAT *Chen v. Martinez*; Case No. 2:19-cv-01388-RSM-BAT *Chen v. City of Seattle*; 2:19-cv-01390 *Chen v.*

ORDER DENYING IFP APPLICATION AND
DISMISSAL WITHOUT PREJUDICE - 1

1 | *University of Washington*; Case No. 2:19-cv-01391-JCC-MLP *Chen v. Seattle Office for Civil*

2 | *Rights*; and 2:19-cv-01392-RAJ-MAT *Chen v. Department of Services for the Blind*. On

3 | September 4, 2019, Plaintiff filed a seventh lawsuit, Case No. 2:19-cv-01424-RAJ *Chen v.*

4 | *Commissioner of Social Security*. Reports and Recommendations are pending in six cases,

5 | recommending denial of Plaintiff's IFP application and dismissal without prejudice. In Case No.

6 | 2:19-cv-01391 *Chen v. Seattle Office for Civil Rights*, Plaintiff has been given leave to file an

7 | amended complaint. His motion for telephonic communication with the Court was denied. Dkt. 8

8 | (therein).

9 | **DISCUSSION**

10 | Because he submitted a blank IFP application, Plaintiff has failed to make the financial

11 | showing required by 28 U.S.C. § 1915(a)(1). Although Plaintiff indicated to the Clerk that he is

12 | visually impaired and has difficulties accessing his mail, the record reflects that he previously

13 | filed several IFP applications and complaints in this District. *See* Case No. 2:07-cv-55-RSM

14 | *Chen v. University of Washington* (filed 01/12/07, closed 03/05/08); Case No. 2:07-cv-00514-

15 | TSZ *Chen v. United States Department of Education* (filed 04/06/07, closed 06/03/08); Case No.

16 | 2:08-cv-00160-JLR *Chen v. University of Washington* (filed 01/31/08, closed 06/03/08); Case

17 | No. 2:08-cv-00426-JCC *Chen v. University of Washington* (filed 03/13/08, closed 05/13/08);

18 | Case No. 2:08-cv-00427-RSL *Chen v. Martinez* (filed 03/13/08, closed 05/05/08); Case No.

19 | 2:11-cv-02140-EFS *Chen v. University of Washington et al* (filed 12/21/11, closed 03/19/12).

20 | Here, Plaintiff was given an opportunity to submit an amended IFP application – a

21 | decision that was communicated to him by written order and a by telephone. *See* Dkt. 3 (and

22 | staff docket entry). He has not done so.

23 |

1    Because Plaintiff's complaint is blank, this provides additional reason to deny his IFP

2    application. "'A district court may deny leave to proceed *in forma pauperis* at the outset if it

3    appears from the face of the proposed complaint that the action is frivolous or without merit.'"

4    *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank*

5    *& Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). In fact, the court has a duty to examine any IFP

6    application to determine whether the proposed proceeding has merit and if it appears that the

7    proceeding is without merit, the court is bound to deny the IFP application. *Smart v. Heinze*, 347

8    F.2d 114, 116 (9th Cir. 1965).

9          Moreover, the court must dismiss an *in forma pauperis* case at any time if the allegation

10   of poverty is found to be untrue or if it is determined that the action is frivolous or malicious,

11   fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

12   defendant. *See* 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable

13   basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745

14   F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as

15   frivolous where it is based on an indisputably meritless legal theory or where the factual

16   contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e).

17         Plaintiff's complaint is clearly without basis in law or fact because it contains no factual

18   contentions at all.

19                                        **CONCLUSION**

20         Despite the foregoing deficiencies, it is at least possible that Plaintiff can file an IFP

21   application with a sufficient financial showing and a complaint stating a factually and legally

22   sufficient cause of action against a proper defendant, as he has demonstrated an ability to do so

23

1   in the past. For this reason, Plaintiff's IFP application is **denied**, but his complaint is **denied**

2   **without prejudice**.

3        DATED this **10** day of October, 2019.

RICHARD A. JONES
United States District Court Judge